UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FORTRESS CREDIT OPPORTUNITIES I, LP and
FORTRESS CREDIT OPPORTUNITIES II, LP,

             07-CV-7369 (HB)

    Plaintiffs,

  -against-

WAYNE C. COLEMAN, THE ROYALTY
COMPLIANCE ORGANIZATION and MOSS
ADAMS LLP

    Defendants.
------------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MOSS ADAMS LLP'S MOTION, PURSUANT TO FED.R.CIV.P 12(c), FOR JUDGMENT DISMISSING THE COMPLAINT


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
*Attorneys for Defendant Moss Adams LLP*
150 East 42nd Street
New York, New York 10017
(212)490-3000

*Of Counsel:*

Thomas R. Manisero
Peter J. Larkin
Jill F. Spielberg

2950483.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………………..i, ii

STATEMENT OF FACTS…………………………………………………………………………..2

ARGUMENT……………………………………………………………………………………….5

POINT I:
    STANDARD FOR MOTION TO DISMISS……………………………………………..5

POINT II:
    PLAINTIFFS' CLAIM AGAINST MOSS ADAMS IS TIME-BARRED……………….6

POINT III:
    PLAINTIFFS' REFERENCES TO THE REPORT BEING ISSUED FROM LOS ANGELES AND NOT LEARNING OF THE NEGLIGENCE UNTIL MAY 2005 CANNOT MAKE THIS ACTION TIMELY……………………………………………..7

CONCLUSION……………………………………………………………………………………11

# TABLE OF AUTHORITIES

## Cases

*Ackerman v. Price Waterhouse*, 84 N.Y.2d 535, 541 (1994)..................................................6, 8

*Apply Valley Unified Sch. Dist. v. Vavrinek, Trine, Day & Co., LLP*, 120 Cal. Rptr. 2d 629,
   (Cal. Ct. App., 4th App. Dist. 2002)(citing Cal. Code. Civ. Proc. § 339(1))..................9

*Antone v. Gen. Motors Corp.*, 64 N.Y.2d 20 (1984))..............................................................10

*Basty v. Rothschild*, No. 97 Civ. 5154, 2000 U.S. Dist. LEXIS 17944, at *149-50
   (S.D.N.Y. Nov. 20, 2000)..............................................................................................6

*Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704 (2d Cir. 2002)........................................8, 10

*Conley v. Gibson*, 355 U.S. 41 (1957).....................................................................................5

*Desiano v. Warner-Lambert & Co.*, 467 F.3d 85 (2d Cir. 2006)
   (quoting *Burnette v. Carothers*, 192 F.3d 52 (2d Cir. 1999)).......................................5

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).......................................................................6

*Friedman v. Arizona World Nurseries Ltd. Partnership*, 730 F. Supp. 521, 536
   (S.D.N.Y. 1990)(quoting *Goldman v. Belden*, 754 F.2d 1059, 1065-66 (2d Cir 1985))....6

*Guaranty Trust Co. v. York*, 326 U.S. 99 (1945).....................................................................8

*In re Allstate Ins. Co., (Stolarz)*, 81 NY2d 219 (1993)............................................................8

*International Engine Parts, Inc. v. Feddersen & Co.*, 9 Cal. 4th 606 (Cal. 1995))..................9

*Klaxton Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)....................................................8

*Lee v. Bankers Trust Co.*, 166 F.3d 540 (2d Cir. 1999)...........................................................8

*Leeds v. Meltz*, 85 F.3d 51 (2d Cir. 1996)...............................................................................5

*Martin v. Julius Dierck Equip. Co.*, 43 N.Y.2d 583 (1977).....................................................9

*Smith v. Guilford Bd. of Educ.*, No. 06-1094-CV, 226 Fed. Appx. 58, 61, 2007 U.S. App. LEXIS
   14132, at **4 (2d Cir. June 4, 2007)..............................................................................5

*Stafford v. International Harvester Co.*, 668 F.2d 142 (2d Cir. 1981)....................................9

*Williamson v. PricewaterhouseCoopers LLP*, 9 N.Y.3d 1 (2007)........................................6, 8

*Zurich Ins. v. Shearson Lehman Hutton, Inc.*, 84 NY2d 309 (1994)……………...……………..8

## Statutes

28 U.S.C. § 1332(c)(1)………………………………………………………………..…...10

NY CPLR 202……………………………………………………………………………..…...10

NY CPLR 214(6)……………………………………………………………………………..6,8

Defendant Moss Adams LLP ("Moss Adams") respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(c), for judgment dismissing the Complaint as against Moss Adams on the grounds that the claim against Moss Adams is barred by the applicable statute of limitations.[1]

## STATEMENT OF FACTS

The facts as alleged in the Complaint, which for purposes of Moss Adams' motion are accepted as true, are as follows:

The Songwriter Collective LLC ("TSC") was created in 2002 as the first music publishing company owned and run solely for the benefit of its songwriter members (Complaint at ¶ 11, annexed as Exhibit A to the Declaration of Thomas R. Manisero ("Manisero Dec.")). TSC's members pledged the royalty streams generated by their individual music catalogues to TSC in return for an ownership interest in TSC (Complaint at ¶ 11). TSC is not a party to this lawsuit.

TSC's business plan was to securitize the royalty streams of its members or otherwise obtain long-term financing based on the value of the royalty stream that TSC's aggregated music catalogue would generate, and to act as the publisher of that aggregated music catalogue for the benefit of the members (Complaint at ¶ 11). However, TSC needed bridge financing to support its operations until the securitization or long-term financing could be completed (Complaint at ¶ 12).

Plaintiffs Fortress Credit Opportunities I, LP ("Fortress I") and Fortress Credit Opportunities II, LP ("Fortress II")(collectively, "Plaintiffs") are Delaware limited partnerships

---

[1] In the event that reference to relevant documents may take consideration of this motion outside of the four corners of the Complaint, Moss Adams requests the Court to consider this motion as one pursuant to Fed. R. Civ. P. 56.

2

having principal places of business in New York City (Complaint at ¶ 5). Insofar as it is relevant to this action, Plaintiffs are in the business of, among other things, providing commercial financing (Complaint at ¶ 12).

In 2003, TSC approached Plaintiffs to seek the bridge financing it needed to support its operations during its start-up phase (Complaint at ¶ 12). As a condition precedent to providing any financing, Plaintiffs required that TSC provide a valuation of its catalogue (Complaint at ¶ 12).

In or about November 2003, TSC engaged Moss Adams, an accounting firm, to compile historical royalty information reported to potential TSC members (*see* Exhibit D to Manisero Dec.). Moss Adams' compilation work resulted in a report, dated February 17, 2004, which Plaintiffs refer to as the "Due Diligence Report" (Complaint at ¶ 16). A copy of the Due Diligence Report[2] as maintained in Moss Adams' files is annexed to the Declaration of Thomas R. Manisero as Exhibit D. Indeed, the Due Diligence Report was delivered to TSC and to Joshua Pack of Fortress I by facsimile on February 17, 2007 (Exhibit C to Manisero Dec.).

As noted by Plaintiffs, the Moss Adams partner and employees who prepared the Due Diligence Report primarily worked from Moss Adams' New York City location (Complaint at ¶ 16).[3] Similarly, Plaintiffs note that a substantial part of the events allegedly giving rise to this lawsuit occurred in New York City (Complaint at ¶ 10). However, due to the closure of Moss Adams' New York City location at about that same time, the Due Diligence Report ultimately was signed and issued from Moss Adams' Los Angeles office (Complaint at ¶ 16).

---

[2] Although reference to the report as the "Due Diligence Report" is somewhat misleading, that reference will be accepted for purposes of this motion to be consistent with the term's usage in the Complaint.
[3] The Moss Adams New York City location actually was operated through a wholly-owned New York limited liability company, Moss Adams LLC, which ceased operations in or about January 2004.

3

2950483 1

To satisfy Plaintiffs' request for a valuation of TSC's revenue stream and assets, TSC engaged codefendants Wayne C. Coleman, CPA and Royalty Compliance Organization (collectively, "RCO") to prepare a valuation of the catalogue assets (Complaint at ¶ 37). Plaintiffs allege that a valuation report was provided by RCO on or about January 30, 2004, estimating the fair market value of TSC's catalogue (Complaint at ¶¶ 38-9). Plaintiffs also allege that the valuation results provided by RCO were based, in part, on the Due Diligence Report (Complaint at ¶ 49).

On March 1, 2004, Fortress I closed the loan to TSC, providing TSC $12.12 million (Complaint at ¶ 50). Thereafter, Fortress I assigned a 40% interest in the TSC loan to Fortress II (Complaint at ¶ 50). Plaintiffs allege that TSC defaulted on the loan shortly after the loan closed (Complaint at ¶ 3, 53).

Plaintiffs allege that Moss Adams and the codefendants were negligent (Complaint at ¶¶ 54-5, *passim*). Plaintiffs further allege that they first became aware of this purported negligence in May 2005 (Complaint at ¶¶ 54-5).

Plaintiffs and Moss Adams entered into a Tolling Agreement, effective February 28, 2007 (Exhibit E to Manisero Dec.), which tolled the running of the statute of limitations on any claim Plaintiffs might have against Moss Adams from February 28, 2007, through August 17, 2007 (Exhibit E). Plaintiffs then commenced this action on August 17, 2007 (Exhibit A). Concerning Moss Adams, Plaintiffs assert a single cause of action for professional negligence (Exhibit A). Plaintiffs allege that the Due Diligence Report was negligently prepared, that Plaintiffs justifiable relied upon the Due Diligence Report to place the loan with TSC and set the

terms of that loan, and that Plaintiffs were damaged in a sum exceeding $5 million dollars as a result of their reliance on the negligently prepared report (Exhibit A).

Moss Adams has served its Answer denying liability and the material allegations in the Complaint (Exhibit B), and now moves, pursuant to Fed. R. Civ. P. 12(c), for judgment dismissing the Complaint insofar as asserted against Moss Adams based on the expiration of the statute of limitations. As demonstrated below, the statute of limitations applicable to the claim asserted against Moss Adams expired on February 17, 2007, before the Tolling Agreement was entered.

## ARGUMENT

### POINT I

### STANDARD FOR MOTION TO DISMISS

In deciding a Rule 12(c) motion, the Court applies the same standard as that applicable to a motion under Rule 12(b)(6). *Smith v. Guilford Bd. of Educ.*, No. 06-1094-CV, 226 Fed. Appx. 58, 61, 2007 U.S. App. LEXIS 14132, at **4 (2d Cir. June 4, 2007). The Court accepts the allegations contained in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006)(quoting *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)).

A motion to dismiss filed pursuant to Rule 12(b)(6) should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "[B]ald assertions and conclusions of law will not suffice to state a claim ...." *Leeds v Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Furthermore, "it is well settled that although a Rule 12(b)(6) motion is addressed to the

5

2950483.1

face of the pleading, the pleading has been interpreted by the Second Circuit as 'includ[ing] any document attached to it as an exhibit or any document incorporated in it by reference.'" *Friedman v. Arizona World Nurseries Ltd. Partnership*, 730 F. Supp. 521, 536 (S.D.N.Y. 1990)(quoting *Goldman v. Belden*, 754 F.2d 1059, 1065-66 (2d Cir 1985)).

## POINT II

### PLAINTIFFS' CLAIM AGAINST MOSS ADAMS IS TIME-BARRED

This action comes before the Court based on diversity jurisdiction (Complaint at ¶ 9). Accordingly, the Court is required to apply the substantive law of the state in which it sits, which in this case is New York. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

In New York, a cause of action alleging non-medical professional malpractice is governed by the three-year statute of limitations under CPLR 214(6). Where the cause of action alleges malpractice against an accountant, the claim accrues upon receipt of the accountant's work product since that is the juncture at which the recipient reasonably relies on the professional's skill and advice. *See Ackerman v. Price Waterhouse*, 84 N.Y.2d 535, 541 (1994); *see also, Williamson v. PricewaterhouseCoopers LLP*, 9 N.Y.3d 1, 4-5 (2007). An accounting malpractice action "accrues when an injury occurs, even if the aggrieved party is then ignorant of the wrong of injury." *Basty v. Rothschild*, No. 97 Civ. 5154, 2000 U.S. Dist. LEXIS 17944, at *149-50 (S.D.N.Y. Nov. 20, 2000).

Accordingly, any claims Plaintiffs could assert against Moss Adams accrued upon Plaintiffs' receipt of the Due Diligence Report. As demonstrated by the transmittal letter annexed as Exhibit C to the Declaration of Thomas R. Manisero, the so-called Due Diligence Report was faxed to Joshua Pack of Fortress I on February 17, 2004. Three years from February 17, 2004 is

6

February 17, 2007, which was the last day for Plaintiffs to timely assert a claim against Moss Adams for professional negligence under New York law.

Plaintiffs commenced this action on August 17, 2007 (Exhibit A), which clearly is beyond the expiration of the three-year statute of limitations. The Tolling Agreement that was entered among Plaintiffs, Northlight Financial LLC, and Moss Adams, was not entered, and did not become effective, until February 28, 2007. Accordingly, the Tolling Agreement cannot save Plaintiffs' claims because it became effective 10 days after the statute of limitations had expired. Thus, Plaintiffs' Complaint insofar as alleged against Moss Adams must be dismissed.

## POINT III

### PLAINTIFFS' REFERENCES TO THE REPORT BEING ISSUED FROM LOS ANGELES AND NOT LEARNING OF THE NEGLIGENCE UNTIL MAY 2005 CANNOT MAKE THIS ACTION TIMELY

Although Plaintiffs allege that "Mr. Stark [the Moss Adams engagement partner] and other Moss Adams employees prepared the Due Diligence Report from the Moss Adams offices located in New York, New York" (Complaint at ¶ 16), and also allege that a substantial portion of the facts underlying this action took place in New York City (Complaint at ¶ 10), they make a point of alleging that the Due Diligence Report was ultimately issued from the Moss Adams office in Los Angeles, California (Complaint ¶ 16). Plaintiffs also include specific allegations concerning their alleged discovery of Moss Adams' purport negligence in their Complaint (Complaint at ¶¶54-5), despite the fact that discovery has nothing to do with accrual under New York law. If Plaintiffs include these allegations as a basis to assert that the law of another state, such as California, applies to this action because it provides a more lenient statute of limitations, the tactic will not work—Plaintiffs' claims against Moss Adams are time-barred.

7

Before analyzing this purported choice of law issue, it must be noted that there really is no basis upon which to asset that California law should be applied. Plaintiffs' principal place of business is in New York (Complaint at ¶ 5). The Due Diligence Report was sent by facsimile to Joshua Pack of Fortress I at a New York City facsimile number (Exhibit C). If Plaintiffs did anything in reliance upon the Due Diligence Report, they did it in New York. Accordingly, not only is New York the forum for this lawsuit, but it also is the state where the lawsuit accrued. Nevertheless, a full analysis of the "choice of law" between New York and California will be performed based on the assumption that Plaintiffs' claim somehow accrued in California.

When a District Court's subject matter jurisdiction is based on diversity of citizenship, the Court must apply the choice of law rules of the forum state. *Klaxton Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002); *Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999). Thus, where jurisdiction is based on diversity, a federal court sitting in New York must apply New York's choice of law rules. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 108-09 (1945).

The New York Court of Appeals has stated that "the first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved. *In re Allstate Ins. Co., (Stolarz)*, 81 NY2d 219, 223 (1993); *see also Zurich Ins. v. Shearson Lehman Hutton, Inc.*, 84 NY2d 309 (1994). In our case, there is a conflict between the statute of limitations applicable in New York and the statute of limitations applicable in California. As set forth above (Point II, *supra*), New York's statute of limitations applicable to the professional negligence claim asserted by Plaintiffs' against Moss Adams is three years measured from when the work product was delivered to TSC. *See Ackerman v. Price Waterhouse*, 84 N.Y.2d 535, 541 (1994); *see also*, CPLR 214(6); *Williamson v.*

8

*PricewaterhouseCoopers LLP*, 9 N.Y.3d 1, 4-5 (2007). California's statute of limitations applicable to the professional negligence claim asserted by Plaintiffs against Moss Adams conflicts with New York law because it is two years measured from when (1) the aggrieved party discovers the negligent conduct causing the loss or damage, and (2) the aggrieved party has suffered actual injury as a result of the negligent conduct. *Apply Valley Unified Sch. Dist. v. Vavrinek, Trine, Day & Co., LLP*, 120 Cal. Rptr. 2d 629, 635 (Cal. Ct. App., 4th App. Dist. 2002)(citing Cal. Code. Civ. Proc. § 339(1); *International Engine Parts, Inc. v. Feddersen & Co.*, 9 Cal. 4th 606, 608 (Cal. 1995)). Since Plaintiffs allege they first became aware of the negligence in May 2005, their claims allegedly would be timely under California law because the Tolling Agreement became effective February 28, 2007, which is less than 2 years after Plaintiffs allege they became aware of Moss Adams' purported negligence. As set forth above (Point II, *supra*), Plaintiffs' claims are time-barred under New York's statute of limitations, so there is an actual conflict of laws.

New York Courts generally apply New York's statutes of limitations when presented with a choice of law—even when the injury giving rise to the action occurred outside New York. *See Stafford v. International Harvester Co.*, 668 F.2d 142, 147 (2d Cir. 1981). Viewed as pertaining to the remedy rather than the right, statutes of limitations have traditionally been characterized as procedural. *Martin v. Julius Dierck Equip. Co.*, 43 N.Y.2d 583 (1977). Procedural matters typically are governed by the law of the forum, so the statute of limitations of the forum is generally chosen under New York's choice of law rules, rather than the jurisdiction where the cause of action accrued. *Id.* To temper the rigid application of this rule, many states, including New York, have enacted a "borrowing" statute which, although varying from state to state, "borrow" the statute of limitations of the foreign jurisdiction under certain circumstances if the "borrowing" will result in the cause of action being barred. *Id.*

9

2950483.1

Under New York's borrowing statute, Courts must apply the shorter statute of limitations period, taking into account all applicable tolling provisions, provided by either New York or the state where the cause of action accrued. CPLR 202; *Cantor Fitzgerald Inc.*, 313 F.3d at 710 (citing *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998); *Antone v. Gen. Motors Corp.*, 64 N.Y.2d 20 (1984)). New York's borrowing statute states:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

CLPR 202.

Since Plaintiffs' principal place of business is in New York, Plaintiffs are New York residents (28 U.S.C. § 1332(c)(1)), so the borrowing statute mandates that the law of New York must be applied to determine whether Plaintiffs' claims are timely. However, even if Plaintiffs' New York residence is ignored, Plaintiffs' malpractice claim still must have been timely in both New York and California when this action was commenced to survive the borrowing statute. As we addressed in Point II, Plaintiffs' claim is not timely in New York and, therefore, it must be dismissed regardless of whether it might be timely in California.

## CONCLUSION

For all the foregoing reasons, Moss Adams' motion for judgment dismissing Plaintiffs' claim against Moss Adams must be granted.

Dated:   New York, New York
         September 18, 2007

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Thomas R. Manisero [TM-8548]
Peter J. Larkin [PL-9645]
Jill F. Spielberg [JS-1721]
*Attorneys for Defendant*
*Moss Adams LLP*
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 10348.00001

11