WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Thomas R. Manisero (TM 8548)
Peter J. Larkin (PL 9645)
Jill Spielberg (JS 1721)
*Attorneys for Defendant Moss Adams LLP*
150 East 42nd Street
New York, New York 10017
(212)490-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FORTRESS CREDIT OPPORTUNITIES I, LP and
FORTRESS CREDIT OPPORTUNITIES II, LP,

        07-CV-7369 (HB)

    Plaintiffs,

 -against-                 **ANSWER**

WAYNE C. COLEMAN, THE ROYALTY
COMPLIANCE ORGANIZATION and MOSS
ADAMS LLP

    Defendants.
------------------------------------------------------------x

    Defendant Moss Adams LLP ("Moss Adams" or "Defendant"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, as and for its Answer to the Complaint of plaintiffs Fortress Credit Opportunities I, LP and Fortress Credit Opportunities II, LP ("Fortress" or "Plaintiffs"), dated August 17, 2007 (the "Complaint"), responds as follows:

    1.    Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

    2.    Moss Adams denies the allegations contained in paragraph 2 of the Complaint, except that Moss Adams admits that it was engaged by The Songwriter Collective, LLC ("TSC") in or about November 2003 to compile and input certain royalty data.

    3.    Moss Adams denies the allegations contained in paragraph 3 of the Complaint.

4. Moss Adams denies the allegations contained in paragraph 4 of the Complaint.

5. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Moss Adams admits the allegations contained in paragraph 8 of the complaint.

9. Moss Adams admits the allegations contained in paragraph 9 of the Complaint.

10. Moss Adams admits the allegations contained in paragraph 10 of the Complaint.

11. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Moss Adams denies the allegations contained in paragraph 13 of the Complaint to the extent they pertain to Moss Adams and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

14. Moss Adams admits the allegations contained in paragraph 14 of the Complaint.

15. Moss Adams denies the allegations contained in paragraph 15 of the Complaint, except Moss Adams admits that it was engaged by TSC to perform certain agreed-upon services, not including a royalty valuation.

16. Moss Adams denies the allegations contained in paragraph 16 of the Complaint, except Moss Admits admits that it provided to TSC a report dated February 17, 2004, that the

report was provided to TSC from Moss Adams' Los Angeles, California office, that the report stated it was prepared under the supervision of Lewis J Stark, who was then a Moss Adams partner, that Mr. Stark and Moss Adams employees prepared the report from Moss Adams' New York, New York office, and that Moss Adams closed its New York office around the time the report was completed.

17. Moss Adams denies the allegations in paragraph 17 of the Complaint, and respectfully refers the Court to the Due Diligence Report for true content thereof.

18. Moss Adams denies the allegations contained in paragraph 18 of the Complaint, except that Moss Adams admits that "[t]o prepare is Due Diligence report, Moss Adams used data that it gathered concerning the third party songwriter, publisher, artist, and producer royalties owned by the songwriter members of TSC," and respectfully refers the Court to the Due Diligence Report for true content thereof.

19. Moss Adams denies the allegations contained in paragraph 19 of the Complaint, and respectfully refers the Court to the Due Diligence Report for true content thereof.

20. Moss Adams denies the allegations in paragraph 20 of the Complaint, except admits that in preparing the Due Diligence Report, it considered various information, and respectfully refers the Court to the Due Diligence Report for the true content thereof.

21. Moss Adams denies the allegations contained in paragraph 21 of the Complaint.

22. Moss Adams denies the allegations contained in paragraph 22 of the Complaint, except admits that in preparing the Due Diligence Report, it considered various information, and respectfully refers the Court to the Due Diligence Report for the true content thereof.

23. Moss Adams denies the allegations contained in paragraph 23 of the Complaint.

24. Moss Adams denies the allegations contained in paragraph 24 of the Complaint, except admits that in preparing the Due Diligence Report, it considered various information, and respectfully refers the Court to the Due Diligence Report for the true content thereof.

25. Moss Adams denies the allegations contained in paragraph 25 of the Complaint.

26. Moss Adams denies the allegations contained in paragraph 26 of the Complaint.

27. Moss Adams denies the allegations contained in paragraph 27 of the Complaint.

28. Moss Adams denies the allegations contained in paragraph 28 of the Complaint.

29. Moss Adams admits the allegations contained in paragraph 29 of the Complaint.

30. Moss Adams denies the allegations contained in paragraph 30 of the Complaint, except Moss Adams admits that it provided a copy of the Due Diligence Report to plaintiffs.

31. Moss Adams denies the allegations contained in paragraph 31 of the Complaint.

32. Moss Adams denies the allegations contained in paragraph 32 of the Complaint.

33. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Moss Adams neither admits nor denies the allegations in paragraph 39 of the Complaint, and instead respectfully refers the Court to the RCO Report for true content thereof.

40. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Moss Adams neither admits nor denies the allegations in paragraph 42 of the Complaint, and instead respectfully refers the Court to the RCO Report for true content thereof.

43. Moss Adams neither admits nor denies the allegations in paragraph 43 of the Complaint, and instead respectfully refers the Court to the RCO Report for true content thereof.

44. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, except Moss Adams denies placing any valuation on the revenue stream generated by TSC's catalogue.

54. Moss Adams denies the allegations contained in paragraph 54 of the Complaint.

55. Moss Adams denies the allegations contained in paragraph 55 of the Complaint.

## COUNT I

### PROFESSIONAL NEGLIGENCE
### AGAINST DEFENDANTS COLEMAN AND RCO

56. Moss Adams repeats its responses to paragraphs 1 through 55 of the Complaint as though fully set forth herein.

57. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

## COUNT II

## PROFESSIONAL NEGLIGENCE AGAINST DEFENDANT MOSS ADAMS

64. Moss Adams repeats its responses to paragraphs 1 through 63 of the Complaint as though fully set forth herein.

65. Moss Adams denies the allegations contained in paragraph 65 of the Complaint, except Moss Adams admits that it was aware that a copy of its Due Diligence Report would be provided to TSC's potential lenders.

66. Moss Adams admits the allegations contained in paragraph 66 of the Complaint.

67. Moss Adams denies the allegations contained in paragraph 65 of the Complaint, except Moss Adams admits that it was aware that a copy of its Due Diligence Report would be provided to TSC's potential lenders.

68. Moss Adams denies the allegations contained in paragraph 68 of the Complaint.

69. Moss Adams denies the allegations contained in paragraph 69 of the Complaint, except Moss Adams admits that it was aware that RCO's report would be provided to TSC's potential lenders.

2950476.1

70. Moss Adams denies the allegations contained in paragraph 70 of the Complaint.

71. Moss Adams denies the allegations contained in paragraph 71 of the Complaint.

72. Moss Adams denies the allegations contained in paragraph 72 of the Complaint.

73. Moss Adams denies the allegations contained in paragraph 73 of the Complaint.

74. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, except Moss Adams denies that Plaintiffs have suffered any damages recoverable from Moss Adams.

### AFFIRMATIVE DEFENSES

#### As and For the First Affirmative Defense of Moss Adams LLP

75. Plaintiffs' Complaint and the facts alleged therein fail to state a legally cognizable cause of action against Moss Adams.

#### As and For the Second Affirmative Defense of Moss Adams LLP

76. The claim against Moss Adams is barred, in whole and/or in part, by the applicable statute of limitations.

#### As and For the Third Affirmative Defense of Moss Adams LLP

77. Plaintiffs have not suffered any recoverable damages.

#### As and For the Fourth Affirmative Defense of Moss Adams LLP

78. Plaintiffs' claims are or may be barred, in whole or part, by reason of Plaintiffs' failure to mitigate their damages.

#### As and For the Fifth Affirmative Defense of Moss Adams LLP

79. The injuries, losses, and damages, if any, suffered by Plaintiffs are or may be the result of Plaintiffs' sole and/or contributory negligence, comparative fault, and/or voluntary assumption of risk.

#### As and For the Sixth Affirmative Defense of Moss Adams LLP

80. Plaintiffs' purported reliance on Moss Adams Due Diligence Report was not justifiable.

### As and For the Seventh Affirmative Defense of Moss Adams LLP

81. The injuries, losses, and damages, if any, suffered by Plaintiffs are or may be the result of concurrent active and primary negligence of independent third parties over whom Moss Adams had no control.

### As and For the Eight Affirmative Defense of Moss Adams LLP

82. Plaintiffs lack standing or capacity to sue Moss Adams LLP and/or lack sufficient privity to maintain their claim.

### As and For Moss Adams LLP's First Cross-Claim Against Defendants Wayne C. Coleman and The Royalty Compliance Organization

83. If the Court determines that Plaintiffs sustained any losses based upon the allegations contained in the Complaint, any such losses are attributable to the conduct of Wayne C. Coleman and The Royalty Compliance Organization and, therefore, Wayne C. Coleman and The Royalty Compliance Organization are bound to contribute an amount proportionate to their respective culpability toward any judgment or verdict that Plaintiffs may recover against Moss Adams.

Dated: New York, New York
September 17, 2007

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Thomas R. Manisero (TM 8548)
Peter J. Larkin (PL 9645)
Jill Spielberg (JS 1721)
*Attorneys for Defendant Moss Adams LLP*
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000