# TOLLING AGREEMENT

A.   THIS TOLLING AGREEMENT (the "Agreement") is made as of this 28th day of February, 2007 (the "Effective Date") between Fortress Credit Opportunities I, LP, Fortress Credit Opportunities II, LP, Fortress Credit Corp., any of their predecessors, successors, affiliated entities, and assignees (collectively "Fortress"), Northlight Financial LLC ("Northlight") and Moss Adams LLP ("Moss Adams"). Fortress, Northlight, and Moss Adams may be referred to individually as a "Party" or collectively as the "Parties." The Parties enter into this agreement in consideration of the mutual covenants granted herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged.

B.   From the Effective Date through the Expiration Date (as defined below) the running of time is tolled for purposes of any and all statutes of limitations, laches, and any and all defenses related to the passage of time whether legal or equitable, and whether arising out of statute or contract, which may be applicable with respect to any actual or potential claims that Fortress or Northlight may have against Moss Adams regarding Moss Adams' alleged valuation of certain music catalog assets owned or controlled by the Songwriter's Collective, LLC, in or about January 2004, and other services related thereto. For the purposes of all statutes of limitations and defenses related to the passage of time, the determination of the passage of time with respect to any such claims or defenses shall be made as though the period beginning on the Effective Date and continuing through and including the Expiration date never existed.

C.   This Agreement shall continue in effect until the earlier of (i) September 1, 2007, or (ii) the Agreement's termination by either Party upon 15 days written notice to the other Party. The earlier of September 1, 2007 or the date 15 days after receipt of such written notice of termination is herein referred to as the "Expiration Date."

D.   By entering into this Agreement neither Party admits that a valid claim or claims exist against it, and this Agreement shall not be construed as an admission by either Party nor shall it be admissible in any trial or legal proceeding, except for the purposes of enforcement hereof.

E.   The purpose of this Agreement is to freeze the status quo as of the Effective Date with respect to any applicable statute of limitations or any other defense based on the passage of time. However, this Agreement does not revive any claims that were already barred as of the Effective Date by any applicable statute of limitations or by any defense related to the passage of time whether legal or equitable. No defense either Party would have based on the passage of time up to the Effective Date shall be in any way diminished by this Agreement.

F.   The provisions of this Agreement shall be binding and effective with respect to the Parties hereto, and their respective successors or assigns. This Agreement is not intended to benefit any persons other than Fortress, Northlight, and, and Moss Adams.

G.   The Parties agree that this Agreement shall be confidential and shall not be disclosed except to the Parties hereto or their legal counsel, except pursuant to a court order or as may be required by law or for purposes of enforcement hereof.

H.  This Agreement may be amended only by written agreement of the Parties. This Agreement may be executed in counterparts. Executed copies sent by facsimile or scanned and sent by email shall be deemed to be the equivalent of signed originals.

I.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York, excluding conflict of law principles. Any issue that may arise with respect to this Agreement in the course of litigation of a claim covered hereby shall be determined by the court without a jury, any right to trial by jury as to this Agreement being expressly waived by the Parties. No issue with respect to this Agreement may be asserted in any forum other than one adjudicating a claim covered hereby.

J.  Any notice permitted or required to be given pursuant to this Agreement shall be in writing and shall be deemed to have been given if delivered personally or sent by registered or certified mail (return receipt requested):

a)  If to Fortress, to:

Michael Harwood

Kasowitz, Benson, Torres & Friedman LP
1633 Broadway
New York, New York 10019

With a copy to:

Fortress Credit Corp.
1345 Avenue of the Americas
New York, New York 10105

b)  If to Moss Adams, to:

Neal West
Chief Practice Officer
Moss Adams LLP
999 Third Avenue, Suite 3300
Seattle, WA 98104

With a copy to:

Moss Adams LLP
999 Third Avenue, Suite 3300
Seattle, WA 98104
Attn: General Counsel

c)  If to Northlight, to:

Northlight Financial LLC
1330 Avenue of the Americas
New York, New York 10019

**FORTRESS CREDIT OPPORTUNITIES I, LP**
**FORTRESS CREDIT OPPORTUNITIES II, LP**
**FORTRESS CREDIT CORP.**

Signature: _____

Print Name: CONSTANTINE DAKOLIAS
CHIEF CREDIT OFFICER

Title: _____

**MOSS ADAMS LLP**

Signature: Neal West

Print Name: Neal West

Title: Chief Practice Officer

**Northlight Financial LLC**

Signature: _____

Print Name: MICHAEL H. JAHRMARKT

Title: Managing Member

3