WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Thomas R. Manisero (TM 8548)
Peter J. Larkin (PL 9645)
Jill Spielberg (JS 1721)
*Attorneys for Defendant Moss Adams LLP*
150 East 42nd Street
New York, New York 10017
(212)490-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FORTRESS CREDIT OPPORTUNITIES I, LP and :
FORTRESS CREDIT OPPORTUNITIES II, LP, :
: 07-CV-7369 (HB)
Plaintiffs, :
:
-against- : **ANSWER TO**
: **AMENDED COMPLAINT**
WAYNE C. COLEMAN, THE ROYALTY :
COMPLIANCE ORGANIZATION and MOSS :
ADAMS LLP :
:
Defendants. :
-------------------------------------------------------------------x

Defendant Moss Adams LLP ("Moss Adams"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, as and for its Answer to the Amended Complaint of Plaintiffs Fortress Credit Opportunities I, LP and Fortress Credit Opportunities II, LP ("Fortress" or "Plaintiffs"), dated October 2, 2007 (the "Amended Complaint"), responds as follows:

1. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

2. Moss Adams denies the allegations contained in paragraph 2 of the Amended Complaint, except that Moss Adams admits that it was engaged by The Songwriter Collective, LLC ("TSC") in or about November 2003 to compile and input certain royalty data.

3. Moss Adams denies the allegations contained in paragraph 3 of the Amended Complaint.

4. Moss Adams denies the allegations contained in paragraph 4 of the Amended Complaint.

5. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8. Moss Adams admits the allegations contained in paragraph 8 of the Amended Complaint.

9. Moss Adams admits the allegations contained in paragraph 9 of the Amended Complaint.

10. Moss Adams admits the allegations contained in paragraph 10 of the Amended Complaint.

11. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint and respectfully refers the Court to the Credit Agreement between TSC and Fortress for true content thereof.

Case 1:07-cv-07369-HB    Document 18    Filed 10/16/2007    Page 3 of 11

13. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

14. Moss Adams denies the allegations contained in paragraph 14 of the Amended Complaint to the extent they pertain to Moss Adams and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

15. Moss Adams admits the allegations contained in paragraph 15 of the Amended Complaint.

16. Moss Adams denies the allegations contained in paragraph 16 of the Amended Complaint, except Moss Adams admits that it was engaged by TSC to perform certain agreed-upon services.

17. Moss Adams denies the allegations contained in paragraph 17 of the Amended Complaint, except Moss Adams admits that it provided to TSC a report dated February 17, 2004, that the report was provided to TSC from Moss Adams' Los Angeles, California office, and that a copy of the report was provided directly to Fortress at the same time it was provided to TSC.

18. Moss Adams denies the allegations contained in paragraph 18 of the Amended Complaint, except Moss Adams admits that the report stated it was prepared under the supervision of Lewis J Stark, who was then a Moss Adams partner, that Mr. Stark and Moss Adams' employees prepared the report from Moss Adams' New York, New York office, and that Moss Adams closed its New York office around the time the report was completed.

19. Moss Adams denies the allegations in paragraph 19 of the Amended Complaint, except admits that Moss Adams' report states that Mr. Stark's "clients include recording artists, record companies, songwriters, music publishers" and that he had performed intangible asset

3

2979993.1

valuations for royalty securitizations. Moss Adams respectfully refers the Court to the so-called Due Diligence Report for true content thereof.

20.   Moss Adams denies the allegations contained in paragraph 20 of the Amended Complaint, except that Moss Adams admits that "[t]o prepare its [report], Moss Adams used data that it gathered concerning the third party songwriter, publisher, artist, and producer royalties owned by the songwriter members of TSC," and respectfully refers the Court to the so-called Due Diligence Report for the true content thereof.

21.   Moss Adams admits that the so-called Due Diligence Report was provided to TSC and Fortress but denies the remaining allegations contained in paragraph 21 of the Amended Complaint.

22.   Moss Adams denies the allegations in paragraph 22 of the Amended Complaint, except admits that in preparing the so-called Due Diligence Report, it considered various information, and respectfully refers the Court to the so-called Due Diligence Report for the true content thereof.

23.   Moss Adams denies the allegations contained in paragraph 23 of the Amended Complaint.

24.   Moss Adams denies the allegations contained in paragraph 24 of the Amended Complaint, except admits that in preparing the so-called Due Diligence Report, it considered various information, and respectfully refers the Court to the so-called Due Diligence Report for the true content thereof.

25.   Moss Adams denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Moss Adams denies the allegations contained in paragraph 26 of the Amended Complaint, except admits that in preparing the so-called Due Diligence Report, it considered various information, and respectfully refers the Court to the so-called Due Diligence Report for the true content thereof.

27. Moss Adams denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Moss Adams denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Moss Adams denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Moss Adams denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Moss Adams admits the allegations contained in paragraph 31 of the Amended Complaint.

32. Moss Adams denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Moss Adams denies the allegations contained in paragraph 33 of the Amended Complaint.

34. Moss Adams denies the allegations contained in paragraph 34 of the Amended Complaint.

35. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.

2979993.1

36. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint.

40. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint.

42. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45. Moss Adams neither admits nor denies the allegations in paragraph 45 of the Amended Complaint, and instead respectfully refers the Court to the RCO Report for true content thereof.

46. Moss Adams neither admits nor denies the allegations in paragraph 46 of the Amended Complaint, and instead respectfully refers the Court to the RCO Report for the true content thereof.

47. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint.

49. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.

50. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint.

51. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint.

52. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint.

55. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

2979993.1

56. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint, except Moss Adams denies placing any valuation on the revenue stream generated by TSC's catalogue.

57. Moss Adams denies the allegations contained in paragraph 57 of the Amended Complaint.

58. Moss Adams denies the allegations contained in paragraph 58 of the Amended Complaint.

## COUNT I

### PROFESSIONAL NEGLIGENCE
### AGAINST DEFENDANTS COLEMAN AND RCO

59. Moss Adams repeats its responses to paragraphs 1 through 58 of the Amended Complaint as though fully set forth herein.

60. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint.

61. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint.

62. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint.

63. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint.

64. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint.

65. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Amended Complaint.

66. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint.

## COUNT II

## PROFESSIONAL NEGLIGENCE AGAINST DEFENDANT MOSS ADAMS

67. Moss Adams repeats its responses to paragraphs 1 through 66 of the Amended Complaint as though fully set forth herein.

68. Moss Adams denies the allegations contained in paragraph 68 of the Amended Complaint, except Moss Adams admits that it was aware that a copy of its report would be provided to Fortress.

69. Moss Adams admits the allegations contained in paragraph 69 of the Amended Complaint.

70. Moss Adams denies the allegations contained in paragraph 70 of the Amended Complaint, except Moss Adams admits that it was aware that a copy of its report would be provided to Fortress.

71. Moss Adams denies the allegations contained in paragraph 71 of the Amended Complaint.

72. Moss Adams denies the allegations contained in paragraph 72 of the Amended Complaint, except Moss Adams admits that it provided a copy of its report to Fortress on February 17, 2004 and that it knew TSC was in negotiations with Fortress regarding financing.

73. Moss Adams denies the allegations contained in paragraph 73 of the Amended Complaint.

74. Moss Adams denies the allegations contained in paragraph 74 of the Amended Complaint.

75. Moss Adams denies the allegations contained in paragraph 75 of the Amended Complaint.

76. Moss Adams denies the allegations contained in paragraph 76 of the Amended Complaint.

77. Moss Adams denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint, except Moss Adams denies that Plaintiffs have suffered any damages recoverable from Moss Adams.

## AFFIRMATIVE DEFENSES

### As and For the First Affirmative Defense of Moss Adams LLP

78. Plaintiffs' Complaint and the facts alleged therein fail to state a legally cognizable cause of action against Moss Adams.

### As and For the Second Affirmative Defense of Moss Adams LLP

79. The claim against Moss Adams is barred, in whole and/or in part, by the applicable statute of limitations.

### As and For the Third Affirmative Defense of Moss Adams LLP

80. Plaintiffs have not suffered any recoverable damages.

### As and For the Fourth Affirmative Defense of Moss Adams LLP

81. Plaintiffs' claims are or may be barred, in whole or part, by reason of Plaintiffs' failure to mitigate their damages.

### As and For the Fifth Affirmative Defense of Moss Adams LLP

82. The injuries, losses, and damages, if any, suffered by Plaintiffs are or may be the result of Plaintiffs' sole and/or contributory negligence, comparative fault, and/or voluntary assumption of risk.

### As and For the Sixth Affirmative Defense of Moss Adams LLP

2979993.1

83. Plaintiffs' purported reliance on Moss Adams' report was not justifiable.

### As and For the Seventh Affirmative Defense of Moss Adams LLP

84. The injuries, losses, and damages, if any, suffered by Plaintiffs are or may be the result of concurrent active and primary negligence of independent third parties over whom Moss Adams had no control.

### As and For the Eight Affirmative Defense of Moss Adams LLP

85. Plaintiffs lack standing or capacity to sue Moss Adams and/or lack sufficient privity to maintain their claim.

### As and For Moss Adams LLP's First Cross-Claim Against Defendants Wayne C. Coleman and The Royalty Compliance Organization

86. If the Court determines that Plaintiffs sustained any losses based upon the allegations contained in the Complaint, any such losses are attributable to the conduct of Wayne C. Coleman and The Royalty Compliance Organization and, therefore, Wayne C. Coleman and The Royalty Compliance Organization are bound to contribute an amount proportionate to their respective culpability toward any judgment or verdict that Plaintiffs may recover against Moss Adams.

Dated:   New York, New York
         October 16, 2007

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Thomas R. Manisero (TM 8548)
Peter J. Larkin (PL 9645)
Jill Spielberg (JS 1721)
*Attorneys for Defendant Moss Adams LLP*
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

11

2979993.1