Dorothy M. Weber, Esq. (DW 4734)
SHUKAT ARROW HAFER WEBER & HERBSMAN LLP
111 West 57th Street, Suite 1120
New York, NY 10019
(212) 245-4580
*Attorneys for Defendants Wayne C. Coleman and*
*The Royalty Compliance Organization*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FORTRESS CREDIT OPPORTUNITIES I, LP and FORTRESS CREDIT OPPORTUNITIES II, LP, <br><br> Plaintiffs, <br><br> v. <br><br> WAYNE C. COLEMAN, THE ROYALTY COMPLIANCE ORGANIZATION and MOSS ADAMS LLP, | ) <br> ) <br> )CASE NO. 07-CV-7369 (HB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DECLARATION OF WAYNE C. COLEMAN IN SUPPORT OF DEFENDANTS WAYNE C. COLEMAN AND THE ROYALTY COMPLIANCE ORGANIZATION'S MOTION TO DISMISS

Wayne C. Coleman hereby declares, pursuant to 28 U.S.C. §1746, under penalties of perjury, as follows:

1. I am an individually named defendant in the above-captioned action, and I am the president of Financial Services Team, Inc., a corporation organized under the laws of the State of Missouri, with its principal place of business located at 1288 Jungermann Road, St. Peters, Missouri 63376. I submit this declaration in support of the within motion to dismiss plaintiffs' Amended Complaint.

2.      As an individual, I was neither retained by nor did I do valuations

for any of the parties involved in the transactions described to in the Amended

Complaint.  All work which comprised the valuation report was done through

the corporate entity Financial Services Team, Inc., which does business as

"The Royalty Compliance Organization" ("RCO").

3.  In or about January, 2004 RCO was retained by The Songwriter

Collective, LLC (the "TSC"), not either of the Plaintiffs, to perform valuation

services relating to their catalog of song titles (the "RCO Report").

4.      RCO's report contained an unequivocal disclaimer:

> **We make no representation either express or implied that the underlying assumptions or the projections themselves now reflect or will reflect in the future actual results as presented herein.**

5.      I am advised that Fortress acknowledges that RCO relied on

information contained in the report provided by co-defendant  Moss Adams

LLP (the "Moss Adams Report").  The Moss Adams Report also made the

following clear and unequivocal disclaimer:

> **We did not perform an appraisal of the underlying assets, legal due diligence or any audit procedures. We accepted the royalty information reported on third-party royalty statements to be compete and accurate...**

> **On an overall basis, we have estimated that the writers will be able to increase royalties received by 25% ...The blanket 25% estimation is speculative as we have not been provided with information enabling us to determine the actual amount or percentage increase applicable to each TSC member as a result of these factors. The potential effect of the recapture of income is presented only for informational purposes at this time.**

**It should be noted that in some cases, we were not provided with the most recent royalty statement ...Consequently, the unrecouped balances listed may not reflect the current account balance.**

(Emphasis not added) (See Exhibit D to the Declaration of Thomas R. Manisero in Support of Defendant Moss Adams LLP's Motion for Judgment).

6.      Moreover, RCO does not engage in legal due diligence and this was also set forth unequivovally in the RCO Report:

**The procedural work undertaken does not encompass copyright title search or other procedures associated with legal due diligence.**

7.      It was our understanding that Fortress retained independent legal counsel, (we believed Pryor Cashman) in connection with the legal due diligence in connection with the Loan.[1]

8.      If there was any reduction in the value of TSC catalog, it was certainly not because of RCO's report.

9.      On February 27, 2007 we executed a letter which was sent to us by Plaintiffs' attorneys, whereby the parties entered into a tolling agreement

---

[1] This is apparently confirmed in Fortress' own papers filed in opposition to Moss Adams' motion for Judgment. See Exhibit 1(Schedule XI to the Loan Agreement – the Schedule of Deferred Expenses) to the Declaration of Michael C. Harwood dated October 2, 2007. Neither myself nor any representative of RCO attended the closing of the Loan, nor did we receive any of the closing documents.

with Fortress. A true and accurate copy of that letter is annexed hereto as

Exhibit A.

    10.  Plaintiffs' commenced this action on August 17, 2007.


I DECLARE UNDER THE PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT


Dated:    St. Peters, Missouri
         November 8, 2007

                          Wayne C. Coleman