SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:        IAS PART 12
----------------------------------------X
ANNIE ROBOFF,

                     Plaintiff,               **DECISION/ORDER**
                                                       Index No. 600528/05
      -against-                     Motions Seq. Nos.
                                                       003, 004, 005 and 006
E. JEAN MASON, BUDD CARR, ROBERT
D'LOREN, THE SONGWRITERS COLLECTIVE,
LLC, UCC CAPITAL CORP., FORTRESS
CREDIT OPPORTUNITIES I, LP.,

                     Defendants.
----------------------------------------X
**BARBARA R. KAPNICK, J.:**

     Motions sequence numbers 003, 004, 005 and 006 are consolidated for disposition.

Background

     Plaintiff Annie Roboff, an award-winning songwriter, claims in this lawsuit that in or about February of 2004, she was fraudulently induced by defendants to join as a founding member of and to transfer title to a number of her songs ("the catalog") to The Songwriters Collective ("TSC" or "the Collective"), a music publishing company to be owned by the songwriters themselves. Plaintiff contends that TSC failed to properly manage and market the catalog of her transferred songs, resulting in a sharp decline in the catalog's value.

     Plaintiff's First Amended Complaint seeks:
     (i)  to recover damages against defendants TSC, E. Jean Mason, the Chief Operating Officer of TSC, and Budd Carr, the Chief

Executive and Chief Creative Officer of TSC, for alleged negligence (first cause of action);

(ii) to recover damages against defendants Mason, Robert D'Loren, the President of UCC Capital Corp., TSC, UCC Capital Corp., a company engaged in the business of originating, underwriting and servicing loans secured by intellectual property, and Fortress Credit Opportunities, L.P., a limited partnership which entered into a loan agreement with the Collective, for fraud (second cause of action);

(iii) to recover damages against defendants Mason, Carr, D'Loren, UCC Capital and Fortress for negligent misrepresentation (third cause of action);

(iv) a declaratory judgment declaring that the LLC Agreement and other documents purporting to bind plaintiff to the obligations the Collective made pursuant to a second bridge loan are void *ab initio*, and that defendants have no right in and to plaintiff's catalog (fourth cause of action);

(v) recission of said agreement and other documents (fifth cause of action);

(vi) to recover damages against defendant Fortress for aiding and abetting fraud (sixth cause of action);

(vii) to recover compensatory and punitive damages against defendants Mason and Carr for breach of fiduciary duty (seventh cause of action);

(viii) to recover punitive damages against all the defendants for conspiracy (eighth cause of action);

2

(ix) to recover damages against TSC for breach of contract (ninth cause of action);

(x) for a judgment against defendants TSC and Fortress for specific performance directing them to reconvey the catalog to plaintiff in accordance with the terms of the "Put" Right (tenth cause of action); and

(xi) for a judgment declaring that section 11.2 and 11.2(A) of the LLC Agreement only requires payment of her pro rata share of the "unpaid principal balance" of the debt of the second bridge loan, and not interest or a 20% premium on that amount (eleventh cause of action).

By Decision/Order dated July 19, 2005, this Court (i) granted a preliminary injunction directing "TSC and/or its attorneys [to] take all steps and execute all documents necessary and appropriate to permit plaintiff to exercise her "Put" option, to obtain the transfer of her copyrighted musical compositions, and to obtain the release of all liens and encumbrances upon those compositions", and (ii) directed plaintiff to post an undertaking in the amount of $1,000,000 with the County Clerk on or before July 29, 2005.

By further Order dated July 28, 2005, this Court granted a letter application from plaintiff's counsel to appoint plaintiff as Temporary Receiver pursuant to CPLR § 6401 on the ground that neither TSC nor its attorneys appeared to have the authority to comply with this Court's July 19, 2005 Order.

Plaintiff was thus appointed Temporary Receiver for the sole and limited purpose of executing and delivering in the name and on behalf of TSC all documents necessary and appropriate to permit plaintiff to exercise her "Put" option, to obtain transfer to her of her copyrighted musical compositions, and to obtain the release of all liens and encumbrances upon those compositions.

This Court further directed that no compensation was to be paid to plaintiff as Temporary Receiver, and that the bond to be posted pursuant to the July 19, 2005 Order would secure the performance of her obligations as Temporary Receiver.

Motions and Cross-Motion

Plaintiff now moves (under motion sequence number 003) for an order:

(1) pursuant to CPLR § 6401 discharging plaintiff Annie Roboff as temporary receiver herein, on the ground that she exercised her "Put" option on August 3, 2005, in accordance with this Court's prior Orders;

(2) reducing the cash bond in the sum of $1 million posted by plaintiff pursuant to this Court's July 19 and 28, 2005 Orders, to the sum of $25,000.00, on the ground that TSC has not sustained any damages as a result of plaintiff's exercising her "Put" rights pursuant to this Court's preliminary injunction; and

(3) directing the New York County Clerk to pay plaintiff all sums held by said Clerk in excess of the sum of $25,000.00.

Defendant Budd Carr moves (under motion sequence number 004) for an order pursuant to CPLR §§ 3211(a)(7) and (8) and 3016(b):

(1) dismissing the First Amended Complaint against him on the ground that this Court lacks personal jurisdiction over him as he is a resident of California and does not maintain 'minimum contacts' with New York; or

(2) dismissing the first, third, fourth, fifth, seventh, eighth and eleventh causes of action asserted against him on the grounds that these causes of action fail, as a matter of law, to state proper claims against him; or

(3) dismissing the First Amended Complaint on the ground of forum non conveniens.

Defendant TSC moves (under motion sequence number 005) for an order pursuant to CPLR § 3211(a)(7) and (8) and 3016(b):

(1) dismissing the second, fourth, fifth, eighth and tenth causes of action asserted against it in the First Amended Complaint on the grounds that these causes of action fail, as a matter of law, to state proper claims against it; or

(2) dismissing the Complaint in its entirety on the ground of forum non conveniens.

Finally, defendant Mason moves for an order:

(1) dismissing the First Amended Complaint against her on the ground that the Court lacks personal jurisdiction over her because

This Court thus turns its attention to defendants' motions to dismiss the instant action on the grounds, <u>inter alia</u>, that New York is not a convenient forum.

> The common-law doctrine of *forum non conveniens*, also articulated in CPLR 327, permits a court to stay or dismiss such actions where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere (see, generally, Siegel, NY Prac, § 28; 1 Weinstein-Korn-Miller, NY Civ Prac, par 327.01, pp 3-469 -- 3-470). The burden rests upon the defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation (citation omitted) and the court, after considering and balancing the various competing factors, must determine in the exercise of its sound discretion whether to retain jurisdiction or not. Among the factors to be considered are the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit (citations omitted). The court may also consider that both parties to the action are nonresidents (citation omitted) and that the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction (citation omitted). No one factor is controlling (citations omitted). The great advantage of the rule of *forum non conveniens* is its flexibility based upon the facts and circumstances of each case (citation omitted). The rule rests upon justice, fairness and convenience and we have held that when the court takes these various factors into account in making its decision, there has been no abuse of discretion reviewable by this court (citations omitted).

<u>Islamic Republic of Iran v. Pahlavi</u>, 62 N.Y.2d 474, 478-479 (1984), <u>cert. denied</u>, 469 U.S. 1108 (1985).

Defendants argue that this action presents an unnecessary burden on this Court's resources since many of the issues raised herein are duplicative of claims asserted against TSC, Mason and/or Carr in four separate cases which have been commenced in Tennessee, based on allegations nearly identical to those alleged in plaintiff's Complaint (and, specifically, plaintiff's fraud claims). See, Carroll v. Weill, 2 A.D.3d 152 (1st Dep't 2003), lv. to app. denied, 2 N.Y.3d 704 (2004); Sturman v. Singer, 213 A.D.2d 324 (1st Dep't 1995); Hart v. General Motors Corp., 129 A.D.2d 179 (1st Dep't 1987), lv. to app. denied, 70 N.Y.2d 608 (1987).

Two of those cases, Tim Johnson v. TSC, Mason, Carr, D'Loren and Fortress, and David Malloy, Gregory W. Barnhill and Holly Lamar v. TSC, Mason, Carr and Fortress, are pending in the United States District Court for the Middle District of Tennessee, Nashville Division.[1] Another action, Richard C. Giles, individually and d/b/a Sontanner Music and Buzz Cut Music v. TSC, et al., is pending in the Chancery Court for the State of Tennessee, 20th Judicial District, Davidson County. A fourth action is pending in the Chancery Court for Williamson County, Tennessee at Franklin.

Defendants further argue that they will be subjected to potential hardship if they are required to defend this action while

---

[1] TSC has recently served a third-party complaint upon Annie Roboff, UCC Capital Corp. and Robert D'Loren in the Malloy case.

8

simultaneously litigating those four complex cases in Tennessee, and that they will be exposed to the possibility of inconsistent judgments. See, Hart v. General Motors, supra at 186. They also note that nearly all of TSC's books and records (totaling 68 boxes) have been seized by Fortress and are physically located in Tennessee, where they will be the subject of discovery in the related actions, as well as in this action.

In addition, Tennessee presents a viable alternative forum in which plaintiff may bring suit, and plaintiff herself is a resident of Tennessee.

Although TSC apparently maintained an office in New York, its main office is located in Tennessee. Defendants UCC, D'Loren and Fortress are all apparently located in New York, but both defendants Carr and Mason are residents of California.

Plaintiff argues that New York presents a convenient forum for potential non-party witnesses, including Mark Jacobson, Esq., whose firm, Greenberg, Traurig, represented plaintiff in the subject transactions, and Jenkens, Gilchrist, Parker, Chapin, which represented TSC in the negotiations which culminated in the LLC agreement. Although another potential witness, Herbert Jordan, resides in California, plaintiff represents that Mr. Jordan has indicated that he will voluntarily appear for a deposition in New York.

Plaintiff also claims that the loan agreements and the LLC agreement were signed in New York, although defendant Mason disputes this factual allegation.

Weighing all the relevant factors set forth in <u>Islamic Republic of Iran v. Pahlavi</u>, <u>supra</u>, and in considering the interests of judicial economy, this Court finds that defendants have met their burden of showing that this action should be litigated in Tennessee where the parties can move to consolidate at least some of the pending actions for joint discovery and/or trial.

Therefore, based on the papers submitted and the oral argument held on the record on March 8, 2006, the motions to dismiss this action on grounds of *forum non conveniens* are granted. Defendants' motions to dismiss this action on other grounds and plaintiff's cross-motion to amend her complaint are, therefore, denied as moot.

The Clerk may enter judgment dismissing plaintiff's complaint without prejudice and without costs or disbursements.

This constitutes the decision and order of this Court.

Date: May 31, 2006

Barbara R. Kapnick
J.S.C.

FILED JUN 06 2006 COUNTY CLERK

10